BENJAMIN B. WAGNER
United States Attorney
JASON HITT
TODD LERAS
Assistant U.S. Attorneys
501 I Street, Suite 10-100
Sacramento, California 95814
Telephone: (916) 554-2751

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>Angela T. Summerfield,<br><br>    Defendant. | Case No. 2:06-cr-00428-KJM<br><br>STIPULATION AND PROTECTIVE ORDER REGULATING DISCOVERY<br><br>Fed. R. Crim. P. 16(d)(1) |

  Pursuant to Fed. R. Crim. P. 16(d), the undersigned parties in <u>United States v. Angela T. Summerfield</u>, Case No. 2:06-cr-00428-KJM, stipulate and agree, and respectfully request that the Court order that:

  1. The United States shall turn over additional discovery in this case to defendant Angela T. Summerfield ("DEFENDANT"), containing "J-designated" Bates numbers, and any subsequent material discovered by the government to the DEFENDANT using the "J-designated" Bates numbering or otherwise protected designation (referred to throughout this Stipulation as "The Protected Material"). Disclosure of The Protected

1

1 Material to DEFENDANT may be required pursuant to the government's discovery obligations and, even if not required, will facilitate DEFENDANT'S trial preparation.

2. The Protected Material is now and will forever remain the property of the United States. The Protected Material is entrusted to counsel for the DEFENDANT only for purposes of representation of DEFENDANT during trial in this case.

3. The purpose of this Order is to establish the procedures that must be followed by defense counsel of record, any designated employees, and all other individuals who receive access to this information or these documents in connection with this case.

4. Counsel for DEFENDANT shall not give the Protected Material to any person other than counsel's staff assisting in the present trial. The term "staff" shall explicitly include attorney, paralegals, and investigators assisting counsel for DEFENDANT in the present trial and exclude any other defendant in this multi-defendant case, any other counsel for the other defendants in this case, or any other person other than those specifically described in this paragraph.

5. Any person receiving access to the Protected Material from counsel for DEFENDANT shall be bound by the same obligations as defense counsel and, further, may not give the Protected Material to anyone (except that the Protected Material shall be returned to counsel, see,

infra).

6. Counsel for DEFENDANT shall maintain a list of persons to whom any portions or copies of the Protected Material are being or have been given. Such persons shall be provided with a copy of this Stipulation and Order and shall sign their full names to a copy of the Stipulation and agree to be bound by the Order and note that they understand its terms and agree to them by signing.

7. Counsel for DEFENDANT may use any and all of the Protected Material in the vigorous defense of DEFENDANT in the instant case in any manner deemed essential to adequately represent the client (i.e., in motions that are filed under seal, if necessary; in ex-parte applications as may be needed; and in reproducing and summarizing the Protected Material for use in trial preparation summaries, exhibits and as evidence, as may be needed), consistent with the Protective Order as it shall be originally prepared and signed. In the event defense counsel needs to use the Protected Material in a manner not authorized under the present Proposed Protective Order, counsel shall be entitled to seek to have the order amended by the District Court after having given notice to counsel for the government in a hearing before the District Court in order to meet the obligations under the Sixth Amendment to the United States Constitution.

/ / /

8. Counsel for DEFENDANT is authorized to read to DEFENDANT any and all portions of the Protected Material. Counsel for DEFENDANT and any members of counsel's staff, however, are prohibited from giving the DEFENDANT: any of the Protected Material, itself; copies of the Protected Material; copies of excerpts of the Protected Material; or summaries of the Protected Material. This prohibition will not extend to DEFENDANT viewing the Protected Material in open court should any of these materials or summaries thereof be used in the litigation of this case.

9. Within twenty days of the finality of the instant case against the DEFENDANT, as determined under the Federal Rules of Criminal Procedure and case law from the United States Court of Appeals for the Ninth Circuit and the United States Supreme Court, counsel for DEFENDANT shall return any and all copies of the Protected Material and so certify to the attorney for the government.

10. Any and all copies of the Protected Material that may have been made by defense counsel or defense counsel's staff shall remain in the possession of the person to whom defense counsel entrusted them until the case terminates at the District Court level. Thereafter, within 20 days of either sentencing or some other order terminating the jurisdiction of the District Court, each person to whom defense counsel entrusted a copy of any of the Protected Material must return such to

| | |
|---|---|
| 1 | defense counsel and said counsel, in turn, shall return |
| 2 | the materials to the government within 30 days of the |
| 3 | case becoming final in the District Court. Defense |
| 4 | counsel shall return the materials in accordance with |
| 5 | paragraph 7, above. |

Respectfully Submitted,

BENJAMIN B. WAGNER
United States Attorney

DATE: July 31, 2012           /s/Jason Hitt
                              JASON HITT
                              WILLIAM S. WONG
                              Assistant U.S. Attorneys


DATE: July 31, 2012           /s/Kathy Druliner
                              Authorized to sign for Ms. Druliner
                              KATHRYN KOHLMAN DRULINER
                              Counsel for ANGELA T. SUMMERFIELD

**O R D E R**

**IT IS HEREBY ORDERED** that, based upon the agreement of the parties, the Court adopts the proposed stipulation regulating certain discovery in this case.

**IT IS SO ORDERED.**

DATED: August 2, 2012.

_____
UNITED STATES DISTRICT JUDGE